538

NORMAN SWINTON, PETITIONER-APPELLANT, v. GREG-
ORY STEEL WELDING & FABRICATING CO., RESPON-
DENT-APPELLEE.

Argued September 26, 1972—Decided November 6, 1972.

*Mr. Joseph D. Haggerty* argued the cause for appellant (*Messrs. Haggerty & Farley,* attorneys).

*Mr. Brian C. Harris* argued the cause for appellee (*Messrs. Braff, Litvak, Ertag & Wortmann,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, P. J. A. D., Temporarily Assigned. This is a workmen's compensation case in which the petitioner alleged that he sustained a diaphragmatic hernia by accident arising out of and in the course of his employment with respondent. The matter went to trial in the Division of Workmen's Compensation and at the conclusion of petitioner's presentation of proofs, on respondent's motion, the claim was dismissed on the ground that petitioner's injury was a traumatic hernia within the purview of *N. J. S. A.* 34:15–12(c)(23) and that petitioner had failed to prove notice to the employer within 48 hours after the occurrence of the hernia as required by the statute. Both the County Court and the Appellate Division upheld the ruling in unreported opinions. We granted certification. 60 *N. J.* 317 (1972).

The proof showed that on the afternoon of January 17, 1968, petitioner and several co-workers were unloading 500 pound steel beams from a truck when one of the beams fell against petitioner's chest and abdomen. Petitioner continued to work through the afternoon, but when he got home he complained of pain in his stomach. The next morning he left to go to work, but the record is unclear as to whether he actually reported for work. At about 2:30 A.M. the following morning petitioner was taken to the hospital complaining of abdominal pain in the epigastric region

and chest. After a series of x-rays and tests his condition was diagnosed as a hernia of the diaphragm due to trauma, with part of his stomach and colon intruding into the chest cavity. On January 24, 1968 the condition was corrected by surgical "repair of diaphragm after reduction of hernia." Petitioner was discharged from the hospital on February 6, 1968, but never returned to work. He died from causes unrelated to this case in May, 1969.

A claim petition was filed by petitioner on February 16, 1968 alleging "internal orthopedic" injuries. Respondent's answer set forth that receipt of the claim petition was respondent's insurance carrier's first notice of the alleged accident. The case was tried on September 10 and October 9, 1969 and at the conclusion of petitioner's presentation of proofs, respondent's motion to dismiss the claim was granted on the ground that "petitioner had failed to prove the statutory notice required in the event of a traumatic hernia."

An appeal was filed with the Union County Court. Prior to argument there, petitioner filed a motion in the Division to vacate the judgment of dismissal on the grounds of newly discovered evidence consisting of an accident report dated February 7, 1968 on file with respondent. The report referred to the January 17, 1968 accident and corroborated the essential elements of petitioner's version of the accident. At the same time petitioner sought to assert a claim for an alleged injury to his right hand arising out of the same accident. The compensation judge denied the motion in its entirety. As to the matter of notice, he held that the February 7, 1968 accident report did not bring petitioner within the statutory 48-hour notice. He noted that the alleged hand injury was not included in the claim petition or mentioned in the accident report of February 7 and concluded that petitioner had not "sufficiently alerted respondent as to that injury." Thereafter the County Court upheld the Division ruling.

Our Workmen's Compensation Act requires that the employer have notice of the occurrence of the injury and pro-

vides that "[u]nless knowledge be obtained, or notice given, within ninety days after the occurrence of the injury, no compensation shall be allowed." *N. J. S. A.* 34:15–17. The original Act, *L.* 1911, *c.* 95, contained no special provision for hernias, compensation for them being allowed if they resulted from an accident arising out of and in the course of employment.

However, experience with hernia claims filed under the Act indicated that most of them were not true cases of hernia caused by accident. Consequently, by *L.* 1919, *c.* 93, the Legislature severely restricted the right to recover compensation in most hernia cases. The statute provided:

"(x) Hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident. Where there is real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as either congenital or of slow development and not compensable, being a disease rather than an accidental injury; unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain that, first, the descent of the hernia immediately followed the cause; second, that there was severe pain in the hernial region; third, that there was such prostration that the employee was compelled to cease work immediately; fourth, that the above facts were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia; fifth, that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia. * * *"

The foregoing statute established two classes of compensable hernias, first, the "real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall." The statute imposed no restriction or limitations on this type of hernia claim which was subject only to the notice requirement applicable to all other injury claims. *Csont v. Standard Brands,* 134 *N. J. L.* 395 (Sup. Ct. 1946). The second class of compensable hernia was that resulting from sudden effort or severe strain. As to this kind of claim, the workman had the bur-

den of showing by "conclusive proof" that the five conditions set forth in the statute had been met. *Mandel v. Federal Shipbuilding & Drydock Co.*, 133 *N. J. L.* 311 (E. & A. 1945); *Prino v. Austin Co.*, 121 *N. J. L.* 518 (E. & A. 1939).

In 1931 (*L. 1931, c. 279*) the statute was amended to expressly limit its applicability to hernias of the "inguinal" type,[1] and in 1945 (*R. S.* 34:15–12(*x*)), it was further amended to modify the requirement of "conclusive proof" to that of "preponderant proof."

The severity of the foregoing restrictions and conditions, even though they were limited to claims for inguinal hernia, resulted in bitter complaints that they were "a positive fraud on the workers" and were frustrating recovery in meritorious cases. See *Buzza v. General Motors Corp.*, 49 *N. J. Super.* 322, 331 (App. Div. 1958), overruled on other grounds, *Salerno v. McGraw-Edison Industries,* 59 *N. J.* 129 (1971). Suffice it to note that these complaints received legislative attention and in 1950, (*L. 1950, c. 175*), the statutory section was deleted in its entirety and replaced by a new provision, now *N. J. S. A.* 34:15–12(c)(23), reading as follows:

"Where there is a traumatic hernia compensation will be allowed if notice thereof is given by the claimant to the employer within 48 hours after the occurrence of the hernia, but any Sunday, Saturday or holiday shall be excluded from this 48 hour period."

Manifestly the Legislature concluded that the social purpose intended to be served by workmen's compensation was being frustrated by the stringent conditions placed on such claims. The amendment eliminated all of the prior stat-

---

[1] Reference in the original enactment, *L. 1919, c. 93,* to "descent of the hernia" would indicate that at all times the statutory restrictions were intended to apply only to hernia of an inguinal type.

utory conditions and substituted therefor the single requirement that where there is a "traumatic hernia," notice thereof must be given to the employer within 48 hours after the occurrence of the hernia.

Respondent contends that the deletion of the prior reference to "inguinal" and the express inclusion of the term "traumatic hernia" clearly signifies a legislative intent to eliminate any distinction between inguinal and non-inguinal hernias in respect to the new 48 hour notice requirement.

We conclude that the 1950 amendment did not have such a broad sweep. There is nothing in the legislative history or the adjudicated cases to suggest that the special provisions concerning notice in hernia accident claims were intended to deal with any but the troublesome and typical inguinal type hernia where prompt notice to the employer was considered necessary to enable it to defend against the non-compensable, slow-developing type hernia, which many regarded as a disease rather than an accident. The 1950 amendment was directed only to liberalizing recovery in this theretofore severely restricted area.

In the light of the history and development of the statutory section, we construe *N. J. S. A.* 34:15–12(c)(23) to be applicable only to that class of hernia previously subject to special restrictions, namely, an inguinal type hernia. On the proofs submitted petitioner's claim does not fall in this category. For this reason we need not consider the applicability of our holding in *Salerno v. McGraw-Edison Industries, supra,* 59 *N. J.* 129, to the facts of this case.

We also conclude that petitioner's belated claim of a compensable injury to his right hand arising out of the same accident was properly denied. There was a complete lack of competent proof to support such claim.

Reversed and remanded to the Division of Workmen's Compensation for further proceedings in conformity with this opinion.

*For reversal and remandment*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, HALL and MOUNTAIN, and Judges CONFORD and SULLIVAN—7.

*For affirmance*—None.